# United States District Court
### Eastern District of Missouri

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v. | ORDER OF DETENTION<br>☑ PENDING TRIAL |
| KEVIN CAHILL<br>*Defendant* | Case Number: 4:09CR00497HEA |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f) a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part 1 - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
- ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☒ (1) There is probable cause to believe that the defendant has committed an offense
- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- ☒ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Neither party had any objections to the information contained in the Pretrial Services Report ("PSR) dated March 16, 2010, except Defendant noted with regard to the August 30, 2007 arrest that appears on page 3, that there is no longer any warrant outstanding for his arrest. With that correction, the Court adopts and incorporates the information contained the PSR.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by ☒ a preponderance of the evidence that ☒ clear and convincing evidence that there is no condition or combination of conditions that will adequately assure Defendant's appearance and the safety of the community, for the reasons stated at the hearing and in the PSR. The Court notes that Defendant has a very substantial prior criminal history, including numerous convictions for tampering, stealing, burglary, property damage, receiving stolen property, identity theft, forgery and the possession of marijuana. He has also been arrested without conviction many times. Defendant also has a long and substantial history of failure to comply with supervision, and has had several terms of probation and parole and bonds revoked. He has also failed to appear on numerous occasions, currently has an active warrant for failure to appear, and has used alias names in the past when in contact with law enforcement. Although Defendant has represented that he could (con't)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 18, 2010                                          /s/ Audrey G. Fleissig
                                                              *Signature of Judicial Officer*

                                              Audrey G. Fleissig, United States Magistate Judge
                                                      *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. 5801 *et seq.*) (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*) or (c) Section I of Act of Sept. 15, 1980 (21 U.S.C. §955a).

DEFENDANT: KEVIN CAHILL

CASE NUMBER: 4:09CR00497HEA

## Continued

live with family and continue prior work with the Youth Build program, for the reasons stated above, the Court finds that Defendant has not rebutted the presumption that arises in this case that there is no combination of conditions that will adequately assure his appearance and the safety of the community, and as such, is ordered detained pending trial.